BUCHALTER, A Professional Corporation
Lawrence B. Steinberg (State Bar No. 101966)
  LSteinberg@buchalter.com
Kathryn B. Fox (State Bar No. 279705)
  kfox@buchalter.com
Tricia A. Pham (State Bar No. 305420)
  tpham@buchalter.com
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA  90017-1730
Telephone: (213) 891-0700
Fax: (213) 896-0400

Attorneys for Defendants COLOR STREET LLC,
INCOCO PRODUCTS LLC, INCOCO
CAPITAL LLC, FA PARK, BRIAN J. LEE,
BRICK BERGESON and MATT WARNER

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTY FIELDS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>COLOR STREET LLC; INCOCO PRODUCTS LLC; INCOCO CAPITAL LLC; FA PARK; BRIAN J. LEE; BRICK BERGESON; MATT WARNER; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.<br><br>*[Removed from the Los Angeles Superior Court, Case No. 25STCV07668.]*<br><br>DEFENDANTS' NOTICE OF REMOVAL<br><br>[Filed concurrently with Warner Declaration, Steinberg Declaration, and Request for Judicial Notice]<br><br>Action Filed in State Court:<br>  March 17, 2025 |

**TO THE UNITED STATES DISTRICT COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that defendants BRIAN J. LEE, BRICK BERGESON, and MATT WARNER (collectively, "Removing Defendants") respectfully file this Notice of Removal ("Notice") to remove the above-captioned matter, filed by plaintiff KRISTY FIELDS ("Plaintiff"), from the Superior Court of the State of California, County of Los Angeles,

Case No. 25STCV07668, to the United States District Court for the Central District of California.

This Notice is based on the grounds of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441, and, separately and alternatively, pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1453. This Notice is timely under 28 U.S.C. § 1446. This Notice is supported by the Declarations of Matthew Warner and Lawrence B. Steinberg, and attached exhibits, and the Request for Judicial Notice, filed concurrently herewith.

<u>RESERVATION OF RIGHTS</u>

By filing this Notice, Defendants do not waive, and expressly reserve, all of their objections and defenses to this action including, especially and without limitation, their right to object to personal jurisdiction and venue, their right to compel this matter to arbitration, their right to enforce the class action waiver contained in the relevant and applicable policies and procedures, and any objections to the Complaint which they may interpose pursuant to Federal Rules of Civil Procedure, rule 12.

Defendants provide the following information in support of removal:

I.      <u>BACKGROUND</u>

1.      On March 17, 2025, Plaintiff Kristy Fields filed an unverified class action complaint for damages in the Superior Court of the State of California, County of Los Angeles, entitled *Kristy Fields, individually and on behalf of all other similarly situated, v. Color Street LLC, et al*, as Case No. 25STCV07668 (hereinafter, the "State Court Action"). A true and correct copy of the Complaint is attached to the Declaration of Lawrence Steinberg ("Steinberg Decl.") as <u>Exhibit 1</u>.

2.      The Removing Defendants were served with summons and complaint on April 1, 2025. All of the other named defendants (Color Street LLC, Incoco

Products LLC, Incoco Capital LLC, and Fa Park) consent to this Notice of Removal. (Steinberg Decl., ¶ 2.)

3. The Complaint alleges nine (9) causes of action against Defendants in connection with the core allegation (which Defendants deny) that, under California law, Plaintiff was misclassified as an independent contractor: (1) failure to pay minimum wages; (2) failure to pay overtime wages; (3) failure to provide rest periods; (4) failure to provide meal periods; (5) failure to timely pay wages during employment; (6) failure to keep payroll records; (7) failure to provide accurate wage statements; (8) failure to reimburse business expenses; and (9) unfair competition. (*See generally,* Complaint.)

4. Plaintiff seeks to represent "All current and former Stylists who resided in the State of California or who performed marketing or sales activities in California during the applicable statutes of limitations through the date a class is certified." (Complaint, ¶ 120.)[1]

II. REMOVAL IS SUBJECT TO A LIBERAL PLEADING STANDARD

5. Notices of removal are subject to the same general pleading standards applicable to complaints pursuant to Fed.R.Civ.P. 8(a), and such notices need not attach evidence nor meet a burden of proof, but rather need contain only a "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co. LLC v. Owens,* 135 S.Ct. 547, 551-54 (2014) (quoting 28 U.S.C. § 1446(a)). This governing principle also applies to a removing party's allegations as to the amount in controversy. *Id.; See also Garnett v. ADT LLC*, F. Supp. 3d 1332, 1334 (E.D. Cal. 2015). Only if the court or another party contests the allegations of removability must the removing party submit evidence supporting its allegations,

---

[1] Plaintiff also alleges a subclass as follows: "The Above-Standard Minimum Wage Subclass: All current and former Color Street Stylists classified as independent contractors who resided in California cities or counties with a minimum wage rate greater than the California minimum wage during the applicable statutes of limitations through the date a class is certified. This subclass includes, but is not limited to, residents of Los Angeles (City and County), San Francisco, San Diego, Oakland, and San Jose." (Complaint, ¶ 121.)

BUCHALTER
A PROFESSIONAL CORPORATION

BN 88758125v3

DEFENDANTS' NOTICE OF REMOVAL
3

whereupon removability is decided under a preponderance of the evidence standard. *Dart Cherokee*, 135 S.Ct. at 553-54.

III. <u>REMOVAL IS PROPER BECAUSE THIS COURT HAS DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441</u>

6. A civil action may be removed from a state court to a federal district court where the action is pending if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a).

7. This action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) because it is a civil action between citizens who are of different states and the matter in controversy for the named Plaintiff exceeds $75,000, exclusive of interest and costs. Thus, the action is removable to this Court under 28 U.S.C. § 1441(a).

A. <u>Complete Diversity Exists Between the Parties</u>

8. Section 1332 requires complete diversity, *i.e.*, that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 67-68 (1996).

9. <u>Plaintiff's Citizenship</u>. For diversity purposes, a person is a "citizen" of the state in which they are domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983). A person's domicile is the place they reside with the intention to remain or to which they intend to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). The place of residence is *prima facie* the domicile. *Ayala v. Cox Automotive, Inc.*, 2016 WL 6561284, at *4 (C.D. Cal. 2016) (allegation that Plaintiff "is, and at all times mentioned in the Complaint was," a California resident "gives rise to the presumption that Plaintiff is a California citizen"); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Here, Plaintiff alleges in the Complaint that she is a citizen and resident of California and is thus a citizen of California for the purposes of determining citizenship. (Complaint, ¶ 17.)

10.     Citizenship of Individual Defendants: All of the individual defendants are citizens of states other than California:  Fa Park (Florida); Brian J. Lee (New Jersey); Brick Bergeson (New Jersey); and Matt Warner (New Jersey). (*See*, Complaint, ¶¶ 20-23; Declaration of Matthew Warner ("Warner Decl."), ¶ 3(d).)  Accordingly, none of the individual defendants reside in California, and diversity of citizenship exists with respect to the four individual defendants.

11.     Citizenship of Corporate Defendants: For diversity purposes, a limited liability company (LLC) is a citizen of every state of which its owners/members are citizens. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

a.     Color Street, LLC.  Defendant Color Street, LLC ("Color Street") is a limited liability company formed under the laws of the State of New Jersey with its principal place of business in Totowa, New Jersey.  There are four owners and members of Color Street, LLC:  (i) Fa Park; (ii) Phillip Park 2020 Management Trust ("Phillip Trust"); (iii) Hannah Park 2020 Management Trust ("Hannah Trust"); and (iv) Fa Park 2020 GST Descendants Trust ("Fa Trust").  The trustee of the Phillip Trust is Fa Park; the trustee of the Hannah Trust is Fa Park; the trustee of the Fa Trust is Hyeran Park; both Fa Park and Hyeran Park are natural persons and are citizens of the State of Florida. (Warner Decl., ¶ 3(a), 3(d).)  Thus, Color Street, LLC is a citizen of Florida for the purposes of determining diversity.

b.     Incoco Products, LLC.  Defendant Incoco Products, LLC is a limited liability company formed under the laws of the State of New Jersey with its principal place of business in Clifton, New Jersey.  The owners and members of Incoco Products, LLC are Fa Park and Hyeran Park, both of whom are natural persons and citizens of the State of Florida.  (Warner Decl., ¶ 3(b), 3(d).)  Thus, Incoco Products, LLC is a citizen of Florida for the purposes of determining diversity.

c.     Incoco Capital LLC.  Defendant Incoco Capital LLC is a limited liability company incorporated in the State of Delaware with its principal place of

business in Totowa, New Jersey. The sole member and sole owner of Incoco Capital, LLC is Fa Park, a natural person and a citizen of the State of Florida. (Warner Decl., ¶ 3(c), 3(d).) Thus, Incoco Capital LLC is a citizen of Florida for the purposes of determining diversity.

d. Accordingly, diversity exists with respect to all of the entity defendants.

12. Doe Defendants' Citizenship. The citizenship of Defendants Does 1 through 50 may be ignored for removal purposes. *See* 28 U.S.C. § 1441(b)(1); *see also Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) ("citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant").

13. Accordingly, the Complaint on its face indicates that there is complete diversity of citizenship between Plaintiff and all the defendants.

B. The Amount in Controversy Exceeds $75,000

14. Where, as here, "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014). To establish the amount in controversy, a notice of removal "need not contain evidentiary submissions." *Id.* Rather, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89. The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability. *Lewis v. Verizon Communications, Inc.*, 627 F3d 395, 400 (9th Cir. 2010). The amount in controversy is determined from the allegations or prayer of the complaint. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 US 283, 289 (1938); *Dart*, 574 U.S. at 87.

15. Economic damages, non-economic damages, general damages, attorneys' fees and costs, and punitive damages all are included in determining the amount in controversy. *See Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-1156

(9th Cir. 1998). Here, without conceding that Plaintiff is entitled to recover any damages from Defendants, *for purposes of this analysis only*, at least $75,000 is at stake in this litigation as established through the following elements:

a. <u>Plaintiff's Prayer for Compensatory Damages</u>: As part of her lawsuit, Plaintiff seeks "[s]tatuory penalties and compensatory damages as authorized under the California Labor Code[.]" (Complaint, Prayer for Relief, ¶ 2.) Plaintiff alleges that "[d]uring Plaintiff's tenure, including during the last four years, Plaintiff was not compensated for her time…nor paid any overtime." (Complaint, ¶ 114.) Thus, in terms of unpaid minimum wages, alone, Plaintiff's potential damages would be more than $75,000, at a plausible minimum of $126,435 for the statutory period of March 2021 to March 2025, when Plaintiff filed her Complaint ($24,402 in 2021 [state minimum wage $14.00 x 1,743 hours from March to December]; $31,200 in 2022 [state minimum wage $15.00 x 2,080 hours]; $32,240 for 2023 [state minimum wage $15.50 x 2,080 hours]; $33,280 for 2024 [state minimum wage $16.00 x 2,080 hours]; $5,313 for 2025 [state minimum wage $16.50 x 322 hours from January – February).[2] This estimate would be dramatically increased by any alleged overtime work, premiums for missed meal and rest periods and penalties, and any penalties associated with each of these categories of unpaid wages. This estimate would also be increased by any penalties for willful misclassification, failure to pay wages on time, failure to maintain payroll records and wage statements, and failure to reimburse business expenses.

b. <u>Plaintiff's Prayer for Punitive Damages</u>: Plaintiff seeks "punitive damages against the individual officer, director or managing agent Defendants pursuant to Cal. Civil Code § 3294…" (Complaint, Prayer for Relief, ¶ 6.) With respect to punitive damages, California law does not provide any specific monetary

---

[2] In support of this Notice of Removal, Defendants file concurrently herewith a request that the Court take judicial notice of the California minimum wage for 2021 ($14.00 per hour), 2022 ($15.00 per hour), 2023 ($15.50 per hour); 2024 ($16.00), and 2025 ($16.50). *See*, Request for Judicial Notice in Support of Notice of Removal.

limit on the amount of punitive damages that may be awarded under Civil Code section 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of a defendant's misdeeds, the ratio between compensatory and punitive damages, and ratio between damages and a defendant's net worth. *Boyle v. Lorimar Productions, Inc.,* 13 F.3d 1357 (9th Cir. 1994). While Defendants deny all liability for any punitive damages, outcomes in California reflect the likelihood that, if Plaintiff prevails at trial, her punitive damages, alone, may exceed the $75,000 amount in controversy threshold.

c.    Plaintiff's Attorneys Fees: As part of her lawsuit, Plaintiff seeks attorneys' fees. (Complaint, Prayer for Relief, ¶ 7.)  In the Ninth Circuit, the amount in controversy includes future attorney's fees. *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met"].  A removing defendant can establish the likely attorneys' fees for purposes of determining the amount in controversy by identifying cases in which the plaintiff's counsel has requested similar fees. *See Greene v. Harley- Davidson, Inc.*, 965 F.3d 767, 774 n.4 (9th Cir. 2020).

16.    Based on the above, Plaintiff's pleaded assertions and theories of recovery establish the amount in controversy exceeds $75,000, as her aggregated requests for monetary relief will far exceed $75,000.

IV.    REMOVAL IS PROPER UNDER THE CLASS ACTION FAIRNESS ACT

17.    Plaintiff purports to bring the State Court Action "on her own behalf, as well as on behalf of each and all other person similarly situated…" (Complaint, ¶ 118.)

18.    28 U.S.C. § 1332(d)(2) vests with federal district courts "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which

BUCHALTER
A PROFESSIONAL CORPORATION

BN 88758125v3

(A) any member of a class of plaintiffs is a citizen of a State different from any defendant."

19.     The Class Action Fairness Act of 2005 ("CAFA") gives this Court original jurisdiction over civil class action lawsuits in which any member of the putative class is a citizen of a state different from any defendant and in which the matter in controversy exceeds the sum or value of $5 million, exclusive of interest costs. 28 U.S.C. § 1332(d)(2).   CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446.

20.     CAFA reflects a "strong preference" to resolve class actions in federal court. *See*, *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

21.     This suit satisfies all the requirements under CAFA for federal jurisdiction because (1) this is a putative class action; (2) the class exceeds 100 members; (3) members of the proposed class have a different citizenship from defendants; and (4) the amount in controversy exceeds $5,000,000. *See*, 28 U.S.C. § 1332(d).

### A,     "Minimal Diversity" Exists Under CAFA

22.     CAFA's diversity requirement is satisfied when at least one plaintiff is a citizen of a state in which none of the defendants are citizens, when one plaintiff is a citizen of a foreign state and one defendant is a U.S. citizen, or when one plaintiff is a U.S. citizen and one defendant is a citizen of a foreign state. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453(a).

23.     Plaintiff is a citizen of the State of California. (Complaint, ¶ 17.)  The putative classes purport to include individuals who reside in California or who performed marketing or sales activities in California. (*Id., ¶¶* 120-121.)

24.     None of the individual defendants and corporate defendants are citizens of the State of California. *See*, Notice of Removal, *supra*, ¶¶ 10-11.  Further, the citizenship of Does 1- 50 are disregarded for the purposes of determining diversity jurisdiction and cannot destroy the diversity of citizenship between parties of this

action. 28 U.S.C. § 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

25. Accordingly, the "minimal diversity" required to remove under CAFA is established.

### B. The Proposed Class Membership is Sufficiently Large

26. CAFA's requirement that proposed class membership be no less than 100 is satisfied here because, based on the Complaint, Plaintiff contends that the putative class has more than 100 members. *See* 28 U.S.C. § 1332(d)(5)(B). Specifically, Plaintiff alleges that, while "[t]he membership of the entire class is unknown to Plaintiff at this time.…the class will likely consist of thousands of members." (Complaint, ¶ 123.)

27. Further, according to Defendants' business records, the putative class may contain approximately 16,614 members within the four-year statute of limitations period. (Warner Decl., ¶ 6(a).)

28. Defendants do not have waive any objections to Plaintiff's class definitions and do not concede that Plaintiff can successfully certify a class based on the Complaint.

### a. The Amount in Controversy Exceeds $5 Million

29. 28 U.S.C. § 1332(d) (part of CAFA) authorizes removal of class action cases where, among other factors mentioned above, the amount in controversy for all class members exceeds $5 million. Plaintiff's Complaint does not specify the total amount of monetary relief sought by the putative class. Notwithstanding Plaintiff's failure to specify the total amount of monetary relief sought, CAFA authorizes the removal of class actions where among other factors mentioned above, the aggregated amount in controversy for all potential class members exceeds $5 million. *See* 28 U.S.C. § 1332(d); *Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504, *1 (E.D. Cal. May 1, 2007) (finding removal of action substantially similar to the instant action proper under the CAFA). In determining the amount in controversy for

CAFA, all potential damages based on pled claims, as well as attorneys' fees are properly included. *See Guglielmino v. McKee Foods Corp.,* 506 F.3d 696, 701 (9th Cir. 2007).

30. Where the plaintiff alleges that a defendant has "adopted and maintained uniform policies, practices and procedures' that cause the purported violations of California's [laws] . . . [i]t is not unreasonable to assume that when a company has unlawful policies and they are uniformly 'adopted and maintained,' then the company may potentially violate the law in each and every situation where those policies are applied." *Mejia v. DHL Express (USA), Inc.,* 2015 WL 2452755, *4 (C.D. Cal. May 21, 2015). In that instance, "a 100% violation rate is not an unreasonable assumption to use in estimating the amount in controversy in light of the allegations in the complaint." *Id.* Here, Plaintiff summarily alleges that Plaintiff and the putative class members were misclassified as independent contractors rather than as non-exempt employees and therefore Defendant engaged in a systematic pattern of wage and hour violations under the California Labor Code and IWC Wage Order. (Complaint, ¶¶ 27, 32-33.)

31. While Defendants deny Plaintiff's claims of wrongdoing, and specifically that Plaintiff and the putative class members were misclassified as independent contractors, and denies that Plaintiff is entitled to any requested relief, the facial allegations in Plaintiff's Complaint and the total amount of wages, penalties, attorney's fees, injunctive relief, and other monetary relief at issue in this action is in excess of this Court's jurisdictional minimum. *Saulic v. Symantec Corp.,* 2007 WL 5074883, *7-9 (C.D. Cal. 2007) (finding jurisdictional limits were satisfied under CAFA after considering facts presented in notice of removal, including defendant's declarations, along with plaintiff's allegations); *see also Salter v. Quality Carriers, Inc.,* 2020 WL 5361459, *4 (9th Cir, 2020) (holding that defendant-employer's declaration from its Chief Information Officer explaining his opinion that the amount in controversy exceeds CAFA's $5 million jurisdictional threshold raised

plausible allegations of jurisdictional elements sufficient for removal to federal district court as evidentiary submissions were not required).

b.    Evidence Supporting the Amount in Controversy

32.    Plaintiff summarily seeks to include all individuals who performed marketing or sales activities in California for Defendants within the statutory periods. (*See generally,* Complaint, ¶¶ 118 - 127.)

33.    For purposes of computing the amount in controversy, Defendants assume *arguendo* only that Plaintiff can prove her ninth cause of action of unfair competition, thereby arguably increasing the statute of limitations period to four years for claims pertaining to unpaid wages. (Cal. Business & Professions Code § 17200, *et seq.*)  Based on an initial review of Defendants' business records, which is subject to later refinement and/or correction, it appears that the putative class potentially includes at least 16,614 members during the alleged class period of March 21, 2021 to the present. (Warner Decl., ¶ 6(a).)

1.    Unpaid Minimum and Overtime Wages Claims

34.    Plaintiff's first and second causes of action allege that Defendants failed to pay Plaintiff and the putative class minimum and overtime wages, respectively, during the statutory period. (Complaint, ¶¶ 134 - 140, 141 - 144.)

35.    Assuming that the putative class contains 16,614 individuals during the relevant statutory period, and assuming that each putative class member worked just two days (*i.e.*, 16 hours) for which they were not paid, the plausible liability of Plaintiff's failure to pay minimum wage claims could be *at least* $3,721,536 ($14.00 [California minimum rate wage in 2021] x 16 hours x 16,614 putative class members). (Warner Decl., ¶ 6(a).)  And this calculation does not include any possible damages for unpaid overtime wages.

2.    Rest Period and Meal Period Claims

36.    Plaintiff's third and fourth causes of action are for rest period and meal period violations, respectively. (Complaint, ¶¶ 141-144, 145-149.)

BUCHALTER
A PROFESSIONAL CORPORATION

BN 88758125v3

37. Assuming that each individual is entitled to just one additional hour of pay for noncompliant rest periods during the statutory period, the plausible liability is $232,596 ($14.00 [California minimum rate wage in 2021] x 1 rest period x 16,614 putative class members). Likewise, the plausible liability on Plaintiff's meal period claim is an additional $232,596 ($14.00 [California minimum rate wage in 2021] x 1 meal period x 16,614 putative class members).

### 3. Timely Wages During Employment

38. Plaintiff's fifth cause of action alleges that "Color Street failed to pay to Plaintiff and the Class…all wages due to them, including minimum wages, overtime wages, and meal and rest period premium wages, within any time period specified by § 204." (Complaint, ¶ 159.) Plaintiff's claim for timely wages is subject to a one-year limitations period. Code Civ. Proc. § 340(a).

39. The putative class data indicates that at least 2,890 individuals may be part of the putative class from March 2024 to the present. (Warner Decl., ¶ 6(c).) Assuming that each individual incurred one penalty during this period, the plausible liability at issue on Plaintiff's claim is at least $289,000 (2,890 putative class members x $100 initial penalty).

### 4. Payroll Records and Wage Statement Claims

40. Plaintiff's sixth cause of action alleges Defendants failed to maintain payroll records in violation of California Labor Code § 1174, entitling Plaintiff and the putative class to penalties of $500 per aggrieved employee. (Complaint, ¶¶ 161-165.) Plaintiff's seventh cause of action alleges Defendants failed to maintain accurate wage statements, entitling Plaintiff and the putative class members to recover $50 per employee just for the initial pay period. (Complaint, ¶¶ 166-172.) Both of Plaintiff's wage statement claims are subject to a one-year limitations period. *See Naranjo v. Spectrum Security Services, Inc.,* 40 Cal.App.5th 444, 473-74 (2019); Cal. Lab. Code §§ 338(a), 340(a).

41.     Assuming that all 2,890 putative class members from March 2024 to March 2025 share in Plaintiff's claim for failure to maintain payroll records, the plausible liability on this claim is $1,445,000 (2,890 putative class members x $500 penalty). (Warner Decl., ¶ 6(c).)

42.     Assuming at a minimum that each putative class member received just one inaccurate wage statement during the one-year period, the minimum plausible damages on this claim would be $144,500 (2,890 putative class members x $50 initial penalty). (Warner Decl., ¶ 6(c).)

### 6.     Unreimbursed Business Expense Claim

43.     Plaintiff's eighth cause of action alleges that Defendants failed to reimburse Plaintiff and the putative class members for necessary business expenses, including purchase of a Starter Kit; monthly $9.95 fee for membership; branded merchandise; sales aids, promotional items, and sales technology; fees and travel and lodge expenses for conferences; and monthly bills for Plaintiff's cell phone and internet access. (Complaint, ¶¶ 112, 175.) Plaintiff's claim for unreimbursed business expenses is subject to a three-year limitations period. *See Murphy v. Kenneth Cole Productions, Inc.,* 40 Cal.4th 1094 (2007); Cal. Lab. Code §§ 338(a), 340(a).

44.     The putative class data indicates that at least 11,697 individuals may be part of the putative class from March 2022 to the present. (Warner Decl., ¶ 9(b).) Assuming that all 11,697 individuals paid the membership fee for one year, the plausible liability for the "failure to reimburse business expenses claim" is at least $1,396,621.80 (11,697 putative class members x $119.40).

45.     The table below summarizes the above conservative calculations of *minimum* plausible liability if Plaintiff succeeds in proving her claims on a class-wide basis.

| Claims | Potential Minimum Amount in Dispute |
|---|---|
| Minimum and Overtime Wages | $3,721,536 |
| Rest Periods | $232,596 |
| Meal Periods | $232,596 |
| Failure to Pay Wages During Employment | $289,000 |
| Failure to Maintain Payroll Records | $1,445,000 |
| Inaccurate Wage Statements | $144,500 |
| Failure to Reimburse Business Expenses | $1,396,622 |

46. Although Defendants deny Plaintiff's claims of wrongdoing, deny that a class can be certified, and deny all claims for relief, Defendants note that facial allegations in Complaint seek a total amount of monetary relief (in the form of damages, penalties, attorneys' fees, and other relief) for Plaintiff and the putative class in excess of $5 million, exclusive of costs and interest, as required under CAFA.

47. By removing this matter, Defendants do not waive, and, to the contrary, reserves any rights it may have, including, without limitation, all available arguments and defenses. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

V.   DEFENDANTS HAVE SATISFIED ALL OTHER PROCEDURAL REQUIREMENTS

48. Removal is Timely. This Notice of Removal has been filed within 30 days of April 1, 2025, the date Plaintiff served the Complaint on Removing Defendants and from which it was first ascertainable by the Removing Defendants that this case was removable. *See* 28 U.S.C. § 1446(b)(2)(3).  All of the defendants consent to this Notice of Removal.  (Steinberg Decl., ¶ 2.)

49.    <u>Venue</u>. Venue is proper in the Central District of California pursuant to 29 U.S.C. § 1441. This action was originally brought in the Superior Court for the State of California, County of Orange, which is embraced by the Central District of California.

50.    <u>Pleadings and Process</u>. All pleadings, processes, and orders received by Defendants in the State Court Action or found on the docket in that action are attached to the Declaration of Lawrence Steinberg, as follows:  (a) Class Action Complaint (<u>Exhibit 1</u>); (b) Summons and Service of Process on Color Street LLC (<u>Exhibit 2</u>); (c) Summons and Service of Process on Incoco Capital LLC (<u>Exhibit 3</u>); (d) Summons and Service of Process on Incoco Products LLC (<u>Exhibit 4</u>); (e) Summons and Service of Process on Matt Warner (<u>Exhibit 5</u>); (f) Summons and Service of Process on Brick Bergeson (<u>Exhibit 6</u>); (g) Summons and Service of Process on Brian Lee (<u>Exhibit 7</u>); (h) Summons and Service of Process on Fa Park (<u>Exhibit 8</u>); (i) ADR Information Package (<u>Exhibit 9</u>); (j) Civil Case Cover Sheet (<u>Exhibit 10</u>); (k) Notice of Case Assignment (<u>Exhibit 11</u>); (l) Minute Order re Newly Filed Case (<u>Exhibit 12</u>); (m) Initial Status Conference Order (<u>Exhibit 13</u>); (n) Proof of Service of Initial Status Conference Order (<u>Exhibit 14</u>); (o) Court order re: Newly Filed Case; Notice of Initial Status Conference (<u>Exhibit 15</u>); (p) Docket Sheet (<u>Exhibit 16</u>); and (q) Notice to State Court and All Parties of Removal to Federal Court (<u>Exhibit 17</u>).

51.    <u>Notice</u>. Concurrently with the filing of this Notice, Defendants are giving written notice to all parties and are filing a copy of this Notice with the Clerk of the Los Angeles, California Superior Court. *See* 28 U.S.C. § 1446(d).

52.    <u>Signature</u>. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* U.S.C. § 1446(a).

VI.    <u>CONCLUSION</u>

53.    Based on the foregoing, Defendants respectfully request that the State Court Action be removed to the United States District Court for the Central District

of California. If any question arises as to the propriety of removal of the State Court Action, Defendants respectfully request the opportunity to present argument and evidence in support of this removal.

WHEREFORE, Defendants hereby remove the State Court Action to this Court.

DATED:  April 30, 2025

Respectfully submitted,

BUCHALTER, A Professional Corporation

By    */s/  Lawrence B. Steinberg*
Lawrence B. Steinberg
Attorneys for Defendants COLOR STREET LLC, INCOCO PRODUCTS LLC, INCOCO CAPITAL LLC, FA PARK, BRIAN J. LEE, BRICK BERGESON and MATT WARNER

BUCHALTER
A PROFESSIONAL CORPORATION

BN 88758125v3